UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
TRUSTEES OF THE UNITE HERE
NATIONAL HEALTH FUND, and TRUSTEES
OF THE LAUNDRY, DRY CLEANING
WORKERS AND ALLIED INDUSTRIES
RETIREMENT FUND, UNITE HERE!,

          Plaintiffs,        :   07 CV 8031

   - against -        :   **ANSWER**

FDR SERVICES CORP. OF VIRGINIA, INC.
a/k/a TARTAN TEXTILE SERVICES,

          Defendant.

------------------------------------------------------------ X

      Defendant, FDR Services Corp. of Virginia, by its attorneys, Moses & Singer LLP, answers the Complaint, dated September 12, 2007 (the "Complaint"), and alleges as follows:

      1.    Admits that the Complaint seeks relief on the bases indicated but denies that relief is due, as alleged in Paragraph 1 of the Complaint.

      2.    Denies each and every allegation contained in Paragraph 2, except admits that jurisdiction is proper under 29 U.S.C. § 185.

      3.    Denies each and every allegation contained in Paragraph 3 except admits that venue is proper under 29 U.S.C. § 1145.

      4.    Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 4 of the Complaint, except admits upon information and belief that plaintiff UNITE

HERE National Health Fund (the "Health Fund") maintains an office at 730 Broadway, New York, New York 10003.

5. Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 4 of the Complaint, except admits upon information and belief that plaintiff Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! (the "Retirement Fund") maintains an office at 275 Broadway, New York, New York 10001.

6. Admits the allegations contained in Paragraph 6 of the Complaint except denies that Defendant FDR Services Corp. of Virginia does business as Tartan Textile Services.

7. Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 7 of the Complaint, except admits that Defendant and UNITE HERE, AFL-CIO, CLC (the "Union") are parties to a collective bargaining agreement dated September 1, 2005 (the "Collective Bargaining Agreement") and respectfully refers the Court to the terms of the Collective Bargaining Agreement.

## AS TO PLAINTIFFS' FIRST CAUSE OF ACTION

8. In response to Paragraph 8 of the Complaint, Defendant repeats and realleges the responses herein to Paragraphs 1 through 7.

9. Denies each and every allegation contained in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

## AS TO PLAINTIFFS' SECOND CAUSE OF ACTION

11.     In response to Paragraph 11 of the Complaint, Defendant repeats and realleges the responses herein to Paragraphs 1 through 10.

12.     Denies each and every allegation contained in Paragraph 9 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 13 of the Complaint.

## AS TO PLAINTIFFS' THIRD CAUSE OF ACTION

14.     In response to Paragraph 14 of the Complaint, Defendant repeats and realleges the responses herein to Paragraphs 1 through 13.

15.     Denies each and every allegation contained in Paragraph 15 of the Complaint and asserts that Plaintiffs have stopped providing healthcare to Defendant's employees since August 2007.

16.     Denies knowledge or information sufficient to form a belief as to the truth of Paragraph 16 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred because the Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred because Defendant has performed in accordance with the Collective Bargaining Agreement by paying its contributions up to the time that Plaintiffs stopped providing healthcare to Defendant's employees.

3. Plaintiffs' claims are barred by the doctrine of unclean hands inasmuch as the Union ceased to provide health insurance to Defendant's participating employees.

4. Plaintiffs violated the collective bargaining agreement and the implied covenant of good faith and fair dealing when they cancelled the health insurance coverage of Defendant's employees without notice to Defendant.

5. Plaintiffs' claims are barred because Plaintiffs failed to negotiate with Defendant in good faith prior to cancelling the health insurance coverage of Defendant's employees, forcing Defendant to pay the healthcare costs of its employees out-of-pocket until Defendant's employees could be enrolled with a new insurer.

6. Plaintiffs' suspension of services to Defendant and its employees was an election by Plaintiffs to terminate the contract without continuing liability to Defendant.

7. Plaintiffs' claims are barred by the doctrines of waiver, ratification and/or estoppel.

8. Plaintiffs' claims are barred because Plaintiffs are not the true parties in interest and lack standing to bring these claims.

9. Plaintiffs would be unjustly enriched by any recovery as Plaintiffs have been paid up to the time Plaintiffs cancelled the health insurance plan for Defendant's employees.

10. Plaintiffs' claims are barred by the grievance and arbitration provisions of the Collective Bargaining Agreement requiring Plaintiffs to arbitrate this matter.

Dated: March 4, 2008
      New York, New York

                              MOSES & SINGER LLP

                              By: _____
                              David A. Wolf (DW-1986)

                              The Chrysler Building
                              405 Lexington Avenue
                              New York, New York 10174-1299
                              (212) 554-7800
                              (212) 554-7700 (fax)
                              dwolf@mosessinger.com

                              Attorneys for Defendant